**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GERWIN ANTONIO LEAL RODRIGUEZ,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1136-G** |
| **WARDEN, Cimarron Correctional Facility et al.,** | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Gerwin Antonio Leal Rodriguez, a noncitizen[1] and citizen of Venezuela proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement (ICE). (ECF No. 1). United States District Judge Charles B. Goodwin referred this matter to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Respondents filed a response. (ECF No. 8). Because this action duplicates a habeas petition Petitioner previously filed in this Court, the undersigned recommends that the Court **DISMISS** the Petition without prejudice.

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. BACKGROUND

On May 11, 2026, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this Court. *Leal Rodriguez v. Warden*, No. CIV-26-1070-G (W.D. Okla.) (the First Action), ECF No. 1. On May 19, 2026, he filed the Petition in this action. (ECF No. 1). In their response here, Respondents noted the First Action and observed that the claims in the two petitions "largely mirror" one another. (ECF No. 8:4-5). The First Action has since been fully briefed, and the magistrate judge assigned to that case has issued a Report and Recommendation. *See* First Action, ECF No. 16 (W.D. Okla. July 8, 2026).

## II. THIS ACTION SHOULD BE DISMISSED AS DUPLICATIVE

"As between federal district courts, . . . the general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Consistent with that principle, a district court may dismiss a suit that duplicates another pending federal action as part of its inherent authority to manage its docket. *See Park v. TD Ameritrade Tr. Co.*, 461 F. App'x 753, 755 (10th Cir. 2012); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). A suit is duplicative when the claims, parties, and available relief do not significantly differ between the two actions. *See Park*, 461 F. App'x at 755; *Katz v. Gerardi*, 655 F.3d 1212, 1217 (7th Cir. 2011).

This action is duplicative of the First Action. Both petitions are brought by the same Petitioner, challenge the same period of ICE detention at Cimarron Correctional Facility beginning in early March 2026, and name the same respondents: the Warden or Facility Administrator of Cimarron Correctional Facility, ICE, and the Department of Homeland

Security. *Compare* ECF No. 1:1, *with* First Action, ECF No. 1:1-2. The claims are also the same. In both, Petitioner alleges that ICE took him into custody without a judicial warrant or probable cause and has detained him without an individualized bond hearing, and he challenges the conditions of his confinement, officials' alleged failure to protect him from threats by another detainee, and the denial of medical care. *Compare* ECF No. 1:3, 7-8, *with* First Action, ECF No. 1:5-6, 16-17. Indeed, Ground One in this action closely tracks the language of Ground One in the First Action. *Compare* ECF No. 1:7, *with* First Action, ECF No. 1:5. And Petitioner seeks the same relief in both: immediate release or, alternatively, a bond hearing, along with an order barring his transfer or removal while his petition is pending. *Compare* ECF No. 1:8, *with* First Action, ECF No. 1:9, 17.

Because the First Action was filed first and has already proceeded to a Report and Recommendation, Petitioner's challenge to his detention will be resolved in that case, and dismissal of this later-filed action will not prejudice him. Allowing both actions to proceed would waste judicial resources and risk inconsistent rulings on identical claims. The undersigned therefore recommends that the Court dismiss this action without prejudice as duplicative of the First Action.[2]

[2] Given this recommendation, the undersigned does not reach the merits of Petitioner's claims or Respondents' arguments. Nothing in this Report and Recommendation prevents Petitioner from pursuing his claims in the First Action.

## III. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** the Petition (ECF No. 1) without prejudice as duplicative of *Leal Rodriguez v. Warden*, No. CIV-26-1070-G (W.D. Okla.).

The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later than **October 6, 2026**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## IV. STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on September 29, 2026.

Shon T. Erwin

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE